# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC VELA, | |
| Petitioner, | 4:18CV3046 |
| v. | |
| SCOTT R. FRAKES, | ORDER ON INITIAL REVIEW |
| Respondent. | |

This matter is before the Court for initial review of Petitioner Eric Vela's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. 1. Under § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct an initial review of the petition and summarily dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Absent such dismissal, the Court "must order to respondent to file an answer, motion, or other response within a fixed time, or to take other action the [Court] may order." *Id.*

According to the Petition, on July 12, 2003, Vela pled guilty to five counts of first degree murder and five counts of use of a weapon to commit a felony, in the district court of Madison County, Nebraska. ECF No. 1, Page ID 8. A jury found five aggravating factors present for each murder count. *Id.* Vela moved to preclude the death penalty due to alleged intellectual disability; his motion was denied; a three-judge panel determined that the aggravating factors outweighed any mitigating factors; and

death penalties were imposed with respect to each murder count. *Id.* Vela appealed to the Nebraska Supreme Court, and was denied relief. *Id.* (citing *State v. Vela*, 777 N.W.2d 266 (Neb. 2010)). He petitioned the United States Supreme Court for a writ of certiorari, and was denied. *Id.* at Page ID 9 (citing *Vela v. Nebraska*, 560 U.S. 945 (2010) (Mem)). He moved for post-conviction relief in the state district court and, ultimately, that request was denied in the district court and on appeal to the state Supreme Court. Id. (citing *State v. Vela*, 900 N.W.2d 8 (Neb. 2017)). On December 7, 2017, he filed a second motion for post-conviction relief in the district court of Madison County, raising issues related to Supreme Court holdings in *Moore v. Texas*, 137 S. Ct. 1039 (2017); *Hurst v. Florida*, 577 U.S. __, 136 S. Ct. 616 (2016); and *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), as well as Nebraska's recent death penalty referendum. That motion remains pending, and Vela states he anticipates filing a motion to hold this proceeding in abeyance pending resolution of the state post-conviction proceeding. *See, e.g., Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Akins v. Kenney,* 410 F.3d 451, 455-56 (8th Cir. 2005).

Upon initial review of the Petition, the Court provisionally finds that summary dismissal is not required in this case, and that the Respondent should answer or otherwise respond to the Petition. Accordingly,

IT IS ORDERED:

1. The Clerk of the Court is directed to serve copies of this Order and the Petition to the Respondent and the Nebraska Attorney General.

2. On or before May 9, 2018, the Respondent will file a response consisting of either an answer to the Petition on the merits of the claims and raising any affirmative defenses in the manner contemplated by Rule 5 of the Rules Governing § 2254 Cases, or a motion for summary judgment pursuant to Federal

Rule of Civil Procedure 56. The Clerk of Court is directed to set a case-management deadline for this date.

3. Whether filing an answer or a motion for summary judgment, the Respondent will file a pleading entitled "Designation of Relevant State Court Records," describing in detail any records relevant to the Petition, and a copy of all records described in that designation.

4. If Petitioner determines that the Respondent's designation is insufficient, he may file a motion, within ten days, specifically requesting additional documents and explaining the reasons the documents are relevant to his claims.

5. Whether the Respondent files an answer or a motion for summary judgment, the Petitioner will file any reply within thirty days after service of the Respondent's answer or motion.

6. If either party moves for a stay and abeyance of Petitioner's federal Petition pending resolution of his motion for post-conviction relief in state court, such party must file a brief in support addressing the relevant issues identified in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), and its progeny.

Dated this 9th day of April, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge